DAVID L. NEALE (SBN 141225)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dln@lnbyb.com, lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

FILED & ENTERED

MAR 27 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>MALIBU ASSOCIATES, LLC,<br><br>Debtor. | Case No. 9:15-bk-10477-DS<br><br>Chapter 11<br><br>**INTERIM ORDER: (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 364(c) AND 364(e); (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE AND 4001(c); AND (III) GRANTING RELATED RELIEF**<br><br>DATE: March 26, 2015<br>TIME: 10:30 am<br>PLACE: Courtroom 202<br>1415 State Street<br>Santa Barbara, California |

Upon the motion of Malibu Associates, LLC, the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), filed on March 19, 2015 (the "Motion"), for entry of an interim order (this "Interim Order") and a final order (a "Final Order"), under sections 105, 361, 364(c) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rules 2081-1 and 4001-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), seeking, among other things:

(1) authorization for the Debtor to obtain post-petition financing (the "DIP Financing") from Aa87, LLC (the "Lender") on the same terms and conditions as those set forth in that certain pre-petition loan made by the Lender to the Debtor pursuant to that certain *Secured Promissory Note* dated January 1, 2015 (the "Note"), and that certain *Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing* dated January 1, 2015 (the "Deed of Trust" together with the Note, the "Pre-Petition Financing Documents") and subject to the terms and conditions set forth in that certain *Stipulation Authorizing The Debtor To Incur Secured Debt Pursuant To 11 U.S.C. § 364(c)(3)* (the "DIP Financing Stipulation") and such other agreements and documents as may be reasonably requested by Lender in order to memorialize and effect the DIP Financing (collectively, the "DIP Financing Documents"). The Deed of Trust and Note are attached as Exhibits "1" and "2," respectively, to the DIP Financing Stipulation, which is attached as **Exhibit "B"** to the Declaration of Thomas C. Hix filed in support of the Motion (the "Hix Declaration");

(2) approval of the terms of the DIP Financing Stipulation, and authorization for the Debtor to execute and enter into the DIP Financing Documents, including authorization for the Debtor to execute and enter into the DIP Financing Stipulation in substantially the form attached as **Exhibit "B"** to the Hix Declaration, and to perform such other and further acts as may be required in connection with the DIP Financing Documents;

(3) the granting of a valid, enforceable, non-avoidable and fully perfected lien and security interest pursuant to Section 364(c)(3) of the Bankruptcy Code (collectively, the "DIP Lender Lien") in and on all of Debtor's pre-petition and post-petition real and/or personal property and rights, whether presently existing or hereinafter acquired, including, but not limited to, pre-petition and post-petition cash, cash equivalents, accounts, accounts receivable, contracts, contract rights, patents, trademarks and copyrights, chattel paper, documents, instruments,

reserves, reserve accounts, rebates, machinery, equipment, inventory, furniture, fixtures and general intangibles, and all substitutions, replacements, additions and accessions to the personal property, all books and records pertaining to accounts, together with all proceeds, profits and products of the foregoing (collectively, the "Collateral") to the DIP Lender to secure all of the obligations of the Debtor under and with respect to the DIP Financing; provided, however, that (1) the lien granted to secure repayment of the DIP Financing shall be treated in accordance with and deemed subject to and controlled by the terms of the *Subordination and Standstill Agreement* dated June 27, 2011 (the "Subordination Agreement") entered into by and among the Debtor, Hix/Rubenstein Companies, MPK Development, LLC, Thomas C. Hix, Thomas C. Hix, as trustee under trust agreement dated August 30, 1991, Mark D. Kvamme, Richard S. Fuld, Jr. and U.S. Bank National Association, as successor in interest to Federal Deposit Insurance Corporation, as receiver for California National Bank (the "Bank"); (2) the DIP Lender Lien shall be junior to the pre-petition liens and security interest of the Bank, to the extent valid, binding, enforceable, and unavoidable (the "Bank Liens") or any valid, binding, enforceable, unavoidable and perfected pre-petition purchase money security interests on specific equipment of the Debtor and any binding, enforceable, unavoidable and perfected pre-petition liens held by equipment lessors which existed as of the date of the Debtor's bankruptcy filing (the "Petition Date") and which were senior in priority to the security interests of Lender; and (3) the DIP Lender Lien shall not, in any event, attach to any claims or causes of action under Chapter 5 of the Bankruptcy Code. Subject to the terms of the Subordination Agreement, all obligations of the Debtor to the Lender incurred in connection with the DIP Financing shall constitute administrative expenses equivalent in priority to a claim under Section 364(c)(1) of the Bankruptcy Code;

(4) Subject to the terms of the Subordination Agreement, the granting of an administrative expense claim equivalent in priority to a claim under Section 364(c)(1) of the Bankruptcy Code to all post-petition obligations of the Debtor incurred in connection with the DIP Financing;

(5) authorization for the Debtor's use of proceeds of the DIP Financing in accordance with the operating budget (the "Budget") attached as Exhibit "3" to the DIP Financing Stipulation (which is attached as **Exhibit "B"** to the Hix Declaration);

(6) the waiver by the Debtor of any right to surcharge or impose any other charge of any kind or nature which may otherwise be imposed upon the Lender under the Bankruptcy Code §§ 105, 506(c) or any other section of the Bankruptcy Code, in this Chapter 11 case or any subsequent Chapter 7 proceeding;

(7) the scheduling of a final hearing (the "Final Hearing") to consider entry of a Final Order granting the relief requested in the Motion on a final basis; and

(8) the waiver of any applicable stay, including under Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and provision for immediate effectiveness of the Interim Order; and

upon due and sufficient notice of the Motion and the interim hearing on the Motion (the "Interim Hearing") having been provided by the Debtor; and after considering all of the pleadings filed with this Court in connection with the Motion; and upon the record made by the Debtor at the Interim Hearing; and the Court having found and determined that the relief sought in the Motion on an interim basis is in the best interest of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and consideration and good and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. **Petition Date.** On March 10, 2015 (the Petition Date), the Debtor filed its voluntary petition with this Court commencing its Chapter 11 case. The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. **Jurisdiction; Venue.** This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are Section 105, 361, and 364 of the

Bankruptcy Code and Bankruptcy Rules 2002, 4001(c) and 9013 and Local Rules 2081-1 and 4001-2. Venue of this Chapter 11 case and the Motion in this district if proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Notice.** The Interim Hearing is held pursuant to the authorization of Bankruptcy Rule 4001 and Local Rules 2081-1 and 4001-2. Notice of the Interim Hearing and the relief requested in the Motion has been provided by the Debtor, whether by facsimile, electronic mail, overnight courier or hand delivery, on March 20, 2015, to certain parties interest, including: (a) the Office of the United States Trustee for the Central District of California, Northern Division, (b) the 20 largest non-insider unsecured creditors of the Debtor, and (c) the Lender and the Bank, (collectively, the "Noticed Parties"). Under the circumstances, such notice of the Motion, the relief requested therein and the Interim Hearing complies with Bankruptcy Rule 4001 (c) and (d) and the Local Rules.

D. **Budget for Use of DIP Financing**. Attached hereto as **Exhibit "1"** is the Budget, which sets forth the Debtor's projected cash receipts and cash disbursements (by line item) on a weekly basis for the thirteen (13) week period beginning on the Petition Date through and including June 7, 2015. The Budget is an integral part of this Interim Order and has been relied upon by the Lender in consenting to this Interim Order, to provide the DIP Financing and to permit the use of the proceeds from the DIP Financing. The Debtor shall be permitted to deviate from the Budget, without the need for any further Court order, in accordance with the terms and conditions and subject to the limitations set forth in the DIP Financing Stipulation and the DIP Financing Documents.

E. **Immediate Need for Funding**. The Debtor's ability to maintain business operations post-petition is essential to maintaining and preserving the value of its real property located at 901 Encinal Canyon Road, Malibu, California 90265 (the "Property"). However, since the Debtor does not currently generate any cash, the Debtor does not have sufficient available sources of working capital and financing to maintain the Property without the DIP Financing and authorized use of the proceeds received therefrom. In the absence of the DIP Financing and the authority to use the proceeds therefrom, the Debtor's estate would suffer immediate harm,

including, without limitation, a substantial decline in the value of the Property. Based on the foregoing, it is critical and in the best interests of the Debtor's estate for the Debtor to be authorized to obtain the proposed DIP Financing and to use the proceeds received therefrom in accordance with the terms and conditions set forth in this Interim Order, the DIP Financing Documents and the DIP Financing Stipulation.

F. **No Credit on More Favorable Terms**. The Debtor is unable to obtain sufficient interim and long-term financing from sources other than the Lender on terms and subject to conditions more favorable than under the DIP Financing Documents, and is not able to obtain unsecured credit allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code. The Debtor is also unable to obtain secured credit allowable under Sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code for the purposes set forth in the DIP Financing Documents without granting to the Lender the DIP Lender Lien.

G. **Reasonable; Good Faith**. The Lender has indicated that it is willing to provide the Debtor with the proposed DIP Financing solely on the terms and conditions set forth in the DIP Financing Documents, the DIP Financing Stipulation and this Interim Order. After considering all of the alternatives, the Debtor has concluded, in an exercise of its sound business judgment, that the DIP Financing to be provided by the Lender, when coupled with the authorization to use the proceeds of the DIP Financing in accordance with Budget and pursuant to the terms of the DIP Financing Stipulation, represents the best financing presently available to the Debtor. Accordingly, the Debtor represents that (i) the terms and conditions of the DIP Financing are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duty and are supported by reasonably equivalent value and fair consideration, (ii) the DIP Financing has been negotiated in good faith between the Debtor and the Lender, and (iii) any DIP Financing advances made to the Debtor by the Lender will be made in "good faith" within the meaning of section 364(e) of the Bankruptcy Code. The Debtor has requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(c)(2) and the Local Bankruptcy Rules. Absent granting the relief sought by this Interim Order, the Debtor's estate will be harmed. Approval of the DIP Financing and authorization of the use of the proceeds therefrom in accordance with this Interim

Order, the DIP Financing Documents and the DIP Financing Stipulation are, therefore, in the best interests of the Debtor's estate.

H. **Consent by the Lender**. Subject to and conditioned upon the entry of this Interim Order, the Lender has consented to (i) the financing arrangements contemplated by this Interim Order and the DIP Financing Documents, and (ii) the Debtor's proposed use of proceeds received from the DIP Financing, on the terms and conditions set forth in the DIP Financing Stipulation, in this Interim Order and in the DIP Financing Documents, and such consent is binding on the Lender.

I. **Good Cause Shown; Best Interests**. The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(c)(2). Absent entry of this Interim Order, the Debtor's business, assets and estate will be immediately harmed. Good cause has been shown and entry of this Interim Order is in the best interest of the Debtor's estates and creditors as its implementation will, among other things, enhance the Debtor's prospects for the successful sale of the Property pursuant to any subsequent orders of this Court.

Based on the foregoing, and upon the record made before this Court at the Interim Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

**A. Approval of Interim Order.** The Motion is approved on the terms and conditions set forth in this Interim Order. This Interim Order shall become effective immediately upon its entry.

**B. Approval of DIP Financing Documents; Authority Thereunder.** The Debtor is expressly authorized and empowered to execute and deliver, and on such execution and delivery, directed to perform all of their obligations under the DIP Financing Documents and such additional documents, instruments and agreements as may be required or requested by the Lender pursuant to the DIP Financing Documents to implement the terms or effectuate the purposes of this Interim Order. The Debtor is authorized to comply with and perform all of the terms and conditions contained therein, and directed to repay amounts borrowed, together with interest, fees and premiums (as applicable) thereon and any other outstanding obligations to the

Lender in accordance with and subject to the terms and conditions set forth in the DIP Financing Documents and this Interim Order. In the event of any inconsistency between the DIP Financing Documents and this Interim Order, this Interim Order shall control.

**C. Authorization to Use DIP Financing.** Upon executing the DIP Financing Stipulation and the DIP Financing Documents, the Debtor is immediately authorized to obtain the DIP Financing. The Debtor is authorized to use the proceeds of the DIP Financing in the operation of the Debtor's business, provided that any proposed use of the proceeds of the DIP Financing is consistent with the terms of the DIP Financing Documents, the DIP Financing Stipulation, the Budget and this Interim Order. Authorization to use the proceeds of the DIP Financing will terminate upon the maturity dates set forth in the DIP Financing Documents unless terminated earlier pursuant to the terms of the DIP Financing Documents or this Interim Order.

**D. Validity of DIP Financing Documents.** Upon execution and delivery of the DIP Financing Documents, the DIP Financing Documents shall constitute, and are hereby deemed to be the legal, valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with the terms of the DIP Financing Documents and the terms of this Interim Order for all purposes during this Chapter 11 Case, in any subsequently converted Chapter 11 Case of the Debtor under Chapter 7 of the Bankruptcy Code or after dismissal of this Chapter 11 Case. Any DIP Financing provided to the Debtor under the DIP Financing Documents until the Final Hearing shall be used by the Debtor only as permitted under the DIP Financing Documents, the DIP Financing Stipulation and this Interim Order, and in accordance with the Budget. The DIP Financing Documents and any enforcement of them are subject to and limited by the terms of the Subordination Agreement.

**E. DIP Lender Lien.** To secure all obligations of the Debtor under and with respect to the DIP Financing, the Lender is hereby granted a (effective upon the date of this Interim Order, without the necessity of the execution by Debtor or the filing or recordation of mortgages, security agreements, mortgages, financing statements, or any other instruments or otherwise), valid, enforceable, non-avoidable and fully perfected lien in and on the Collateral; provided,

however, that (1) the lien granted to secure repayment of the DIP Financing shall be treated in accordance with and subject to the terms of the Subordination Agreement; (2) the DIP Lender Lien shall be junior to the Bank Liens or any valid, binding, enforceable, unavoidable and perfected pre-petition purchase money security interests on specific equipment of the Debtor and any binding, enforceable, unavoidable and perfected pre-petition liens held by equipment lessors which existed as of the Petition Date and which were senior in priority to the security interests of Lender; and (3) the DIP Lender Lien shall not, in any event, attach to any claims or causes of action under Chapter 5 of the Bankruptcy Code. All obligations of the Debtor to the Lender incurred in connection with the DIP Financing shall constitute administrative expenses equivalent in priority to a claim under Section 364(c)(1) of the Bankruptcy Code, subject to and limited by the terms of the Subordination Agreement.

**F. Stipulation By Debtor Regarding Validity Of The Lender's Claim And Lien; Investigation Rights Of Any Committee Appointed In Debtor's Case.** The Debtor acknowledges and stipulates that the pre-petition lien and security interest of the Lender are valid, properly perfected, junior in priority as to the Property, subject to the lien and security interest of the Bank, and are not subject to avoidance under Chapter 5 of the Bankruptcy Code. However, the Debtor's acknowledgment of the validity, perfection and priority of the Lender's lien and security interest shall not be binding upon an official committee of unsecured creditors appointed in the Chapter 11 Case ("Committee"), which Committee (if any) shall have until the later of (i) thirty (30) days after the Petition Date, or (ii) thirty (30) days after the date of the formation of any Committee in the Chapter 11 Case (the "Objection Period") to challenge the validity, perfection and/or priority of the Lender's liens and security interest; provided, however, that no such challenge shall impair the validity, perfection or priority of the DIP Lender Lien as set forth in the DIP Financing Stipulation, this Interim Order, and (solely with respect to the DIP Lender Lien) the DIP Financing Documents. After the expiration of the Objection Period, if no written challenge has been made to the validity, perfection and/or priority of the Lender's lien and security interest, then the pre-petition lien and security interest the Lender shall be deemed to be valid, properly perfected, junior in priority as to the Property, subject to the lien and security

interest of the Bank, and not subject to avoidance under Chapter 5 of the Bankruptcy Code. Notwithstanding anything to the contrary herein and in the DIP Financing Stipulation, the Lender reserves all of its rights to contest on any grounds any challenge to its pre-petition lien by any Committee.

**G.** **Further Assurances.** The Debtor shall execute and deliver to the Lender all such agreements, financing statements, instruments and other documents as the Lender may reasonably request to evidence, confirm, validate or evidence the perfection of the DIP Lender Lien or the lien to secure the obligations of the Debtor under the DIP Financing Documents which are being granted pursuant hereto. Further, the Debtor is authorized and directed to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, pledge agreements, control agreements, mortgages and financing statements).

**H.** **506(c) Waiver**. Subject to and effective upon entry of the Final Order, the Lender shall not be subject to any surcharge or other charge of any kind or nature which may otherwise be imposed upon it under Bankruptcy Code §§ 105, 506(c) or any other section of the Bankruptcy Code, in the Debtor's Chapter 11 Case or any subsequent Chapter 7 proceeding.

**I.** **Automatic Effectiveness of Lien.** The DIP Lender Lien granted by Debtor to the Lender pursuant to the DIP Financing Documents, DIP Financing Stipulation, and this Interim Order are hereby deemed effective, valid and perfected as of the Petition Date, without the necessity of the filing by any person of any deeds of trust, mortgages, UCC financing statements, notices of liens and security interests, documents or other instruments otherwise required to be filed under applicable non-bankruptcy law for the perfection of security interests or mortgages, with such validity and perfection being binding upon any subsequently appointed trustee, either in a Chapter 11 case or a case under any other Chapter of the Code, and on any and all other creditors of the Debtor who have or may hereafter extend credit to the Debtor, or file a claim of any nature whatsoever, in this or any superseding bankruptcy case of the Debtor, provided, however, that in the event Lender does make such filings or recordations, the Debtor shall execute all documents reasonably required by Lender to do so.

**J.** **Binding Effect**. The provisions of this Interim Order shall be binding upon and inure to the benefit of the Bank, the Lender, the Debtor, any Committee appointed in this Chapter 11 Case, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereafter appointed or elected for the estates of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor). To the extent permitted by applicable law, this Interim Order shall bind any trustee hereafter appointed for the estate of Debtor, whether in this Chapter 11 Case or in the event of the conversion of this Chapter 11 Case to a liquidation under chapter 7 of the Bankruptcy Code. Such binding effect is an integral part of this Interim Order.

**K.** **Survival.** All obligations, covenants, agreements, representations, warranties, waivers and indemnities made by the Debtor in any of the DIP Financing Documents, the Interim Order and/or the Final Order shall survive the execution and delivery of the DIP Financing Documents, and any termination of the DIP Financing Documents and/or DIP Financing Stipulation until all obligations under the DIP Financing Documents and DIP Financing Stipulation are fully performed and indefeasibly paid in full in cash. Further, unless otherwise agreed to by the Debtor and the Lender, all of the rights, remedies, benefits and protections provided to the Lender and the Debtor under the DIP Financing Stipulation shall survive the Termination Date (as defined in the DIP Financing Stipulation).

**L.** **Restriction on Use of Proceeds of DIP Financing.** Debtor shall not be permitted to use the proceeds of the DIP Financing for any purpose other than as permitted under the DIP Financing Documents, the DIP Financing Stipulation, and in accordance with the Budget, except with the express prior written consent of the Lender or an order from the Bankruptcy Court.

**M.** **Jurisdiction**. This Court shall have exclusive jurisdiction with respect to any and all disputes or matters under, or arising out of or in connection with the DIP Financing Stipulation, the DIP Financing Documents, or this Interim Order.

**N.** **Authorized Signatories**. The signature of any designated member or the Debtor's attorneys appearing on any one or more of the DIP Financing Documents shall be sufficient to bind the Debtor. No board of directors or other approval shall be necessary.

**O.** **Order Effective**. This Interim Order shall be effective as of the date of entry of this Interim Order.

**P.** **Controlling Effect of Interim Order**. To the extent any provision of this Interim Order conflicts or is inconsistent with any provision of the Motion, any prepetition agreement or any DIP Financing Documents, the provisions of this Interim Order shall control.

**Q.** **Final Hearing**. A final hearing on the Motion shall be heard before this Court on May 4, 2015 at 10:30 a.m. at the United States Bankruptcy Court, 1415 State Street, Courtroom 202, Santa Barbara, California. Any objection to the final approval of the Motion shall be filed with the Court and served upon proposed counsel for the Debtor by April 20, 2015. Any reply to any objection to the final approval of the Motion shall be filed with the Court and served upon objecting parties, by April 27, 2015.

# # #

Date: March 27, 2015

Deborah J. Saltzman
United States Bankruptcy Judge